1 CIT ESERVE                Case 3:22-cv-01713-S   Document 1-3   Filed 08/08/22   Page 1 of 9   PageID 9

FILED
5/13/2022 3:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

DC-22-05135

CAUSE NO. _____

| | | |
|---|---|---|
| ELLA CAINE, NISHA DHUNGANA SILWA, JOSEPHINE OGATO, SHANTORIA MOORE, FRANKLIN OKOH, CHYRSTAL JEFFERSON, NARGAS SAYED, SHARAM DALAWY, KRISTY ABERCROMBIE, DARNIQUE ADAMS, DANIELLE GRANT, KARAM DALAWY, ROLONDA MOORE, SHARON FERGUSON, NHU TRAN, ALYSSA DAVILA, ADRIAN JONES, ALISHA TERRY, AND MARI ISABELL PLAINTIFF, | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT  

  
  
14th  
  
_____ JUDICIAL DISTRICT |
| v. | § § § | |
| EDUVISION, INC. (D/B/A ARIZONA COLLEGE OF NURSING – DALLAS; AZC EDUCATION, INC.; ARIZONA COLLEGE DALLAS) DEFENDANT. | § § § § § § | OF DALLAS COUNTY, TX |

**PLAINTIFFS' ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiffs Ella Caine, Nisha Dhungana Silwa, Josephine Ogato, Shantoria Moore, Franklin Okoh, Chyrstal Jefferson, Nargas Sayed, Sharam Dalawy, Kristy Abercrombie, Darnique Adams, Danielle Grant, Karam Dalawy, Rolonda Moore, Sharon Ferguson, Nhu Tran, Alyssa Davila, and Maria Herrera who file their *Original Petition* asserting claims against Defendant Eduvision, Inc. (d/b/a/ Arizona College of Nursing Dallas; ("Defendant")). Defendant violated several laws within Texas. In support, Plaintiffs show the Court the following:

1

# EXHIBIT C

## A. Discovery-Control Plan

1.  Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2. Plaintiffs seek damages exceeding $1,000,000.00.

## B. Parties

2.  <u>Plaintiffs.</u>  Plaintiffs Ella Caine, Nisha Dhungana Silwa, Josephine Ogato, Shantoria Moore, Franklin Okoh, Chyrstal Jefferson, Nargas Sayed, Sharam Dalawy, Kristy Abercrombie, Darnique Adams, Danielle Grant, Karam Dalawy, Rolonda Moore, Sharon Ferguson, Nhu Tran, Alyssa Davila, Adrian Jones, Alisha Terry, and Maria Herrera at all times material to this lawsuit, are individuals who are citizens of the State of Texas residing in Texas.

3.  <u>Defendant.</u>  Eduvision, Inc. (d/b/a/ Arizona College of Nursing Dallas; ("Defendant")) is a foreign for-profit corporation who is operating Arizona College of Nursing- Dallas in 8330 Lyndon B Johnson Fwy, Dallas, TX 75243. Defendant's principal place of business located at 4425 W. Olive Ave, Ste. 300, Glendale, AZ 85302 USA. Plaintiffs request that citation be issued and served on Defendant through its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA .

4.  Whenever in this Petition it is alleged that Defendant(s) committed any act or omission, it is meant that the Defendant's officers, directors, affiliates, subsidiaries, partners, agents, servants, or employees committed such act or omission and that at the time such or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in routine normal course and scope of their agency and employment as Defendant's officers, directors, affiliates, subsidiaries, partners, agents, servants, or employees.

# EXHIBIT C

## C. JURISDICTION

5.      The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. This Court has personal jurisdiction over Defendant. Specifically, Defendant operates a nursing school in Dallas, Texas and the claim arises from Defendant's operation of said nursing school.

## D. VENUE

6.      Venue for this suit is proper in Dallas County under the Texas Civil Practice & Remedies Code § 15.001 because part of the cause of action sued upon occurred in Dallas County, Texas.

## E. CONDITION PRECEDENT

7.      Plaintiff has fulfilled all conditions precedent to the filing of the instant petition.

## F. FACTUAL BACKGROUND

8.      Plaintiffs consist of students who enrolled with Defendant in order to pursue educational requirements and a career path in nursing.

9.      Prior to the enrolling with Defendant, Defendant represented to Plaintiffs that their credits would transfer to any other school if needed.

10.     It was not until many of the Plaintiffs attempted to transfer their credit to other schools did they learn that the credits earned at Defendant's school would not transfer to other schools.

11.     Further, Plaintiffs signed enrollment agreements outlining payments that are to be paid to Defendant for classes. Defendant overcharged for their credit hours per the enrollment agreements.

12.     Defendant unfairly increase the difficulty of the program to encourage students to fail course and applied restrictions to students to prevent them completing their courses. Defendant


EXHIBIT C

tested on different subjects that were not taught in the classes. After informing students that the test would comprise of certain information, students were tested in other areas. Defendant also failed students despite the students correctly answering questions. In other instances, Defendant disqualified students from the program citing background issues despite receiving notice that said background issues existed at or near the time of enrollment.

13. In 2020, Covid-19 began ravaging the United States and the rest of the world. As part of the United States' plan to alleviate the impact of Covid-19, the United States passed the CARES Act and provided students with emergency Covid-19 relief funds.

14. Defendants misappropriated these funds and failed to distribute the funds to the students directly.

### G. COUNT I–BREACH OF CONTRACT

15. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Petition as if fully and completely set forth herein.

16. Plaintiffs entered in a valid enforceable agreement with Defendant and paid their tuition per their agreement.

17. Defendant breached the agreement by overcharging students and failing to provide the appropriate education to the students.

18. Defendant also breached an implied duty of good faith and fair dealing. Defendant created obstacles to prevent students from passing courses.

### H. COUNT II–DECEPTIVE TRADE PRACTICES ACTS VIOLATIONS

19. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Petition as if fully and completely set forth herein.

20. Plaintiffs are consumers as defined under the Texas Deceptive Trade Practices Act.


EXHIBIT C

21. Defendant committed violations of the Texas Deceptive Trade Practices Act, including but not limited to:

   a. causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

   c. representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

   d. representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   e. failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   f. using the term "corporation," "incorporated," or an abbreviation of either of those terms in the name of a business entity that is not incorporated under the laws of this state or another jurisdiction;

   g. taking advantage of the Plaintiff's lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree; and

   h. breach of warranty.

22. But for these deceptive practices, Plaintiff would not have entered into an agreement with Defendant.



EXHIBIT C

23. Plaintiff seeks damages within the jurisdictional limits of this Court.

### I.     COUNT III–FRAUD AND FRAUD IN THE INDUCEMENT

24. Plaintiff hereby adopt by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

25. Defendant made misrepresentations to students that credit hours earned at Defendant's school could transfer to any other program.

26. The Defendant knew that these representations were false when they were made and made the misrepresentations so that Plaintiff would acquire Defendants services.

27. The Defendant intended to induce Plaintiff to rely upon these representations.

28. Plaintiff relied on these representations and suffered injury as a result.

29. Plaintiff seek actual damages within the jurisdictional limits of this Court.

### J.     COUNT IV–PROMISSORY ESTOPPEL

30. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

31. Defendant promised an education and credit that could transfer to any other school, with the foresight that the promise would be relied on by Plaintiffs.

32. Plaintiffs paid money in reliance of the promise to their detriment.

33. Defendant acted with the intent to harm Plaintiffs and to profit from their actions.

34. Plaintiffs seeks damages within the jurisdictional limits of this Court.

### K.     COUNT V–UNJUST ENRICHMENT

35. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.



# EXHIBIT C

36. Defendant unjustly obtained payments from Plaintiffs through fraud, duress, and or an undue advantage.

37. Defendant used its position as an educational facility to take advantage of students attempting to make a better life for themselves. Plaintiffs, believing that Defendant would teach Plaintiffs and subsequently test Plaintiffs on the taught materials, paid Defendants to enter the program.

38. Plaintiffs seeks liquidated and un-liquidated damages within the jurisdictional limits of this Court.

### L.    COUNT VI– CONVERSION AND THEFT LIABILITY ACT

39. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

40. Plaintiffs were given higher education grants under the CARES Act. Under the CARES Act, Defendant is supposed to distribute funds directly to the Plaintiffs but refused to do so. Defendant misappropriated the funds and refused to distribute the funds to Plaintiffs.

41. Defendant failed to obtain effective consent from the Plaintiffs to keep said funds.

### M.    COUNT VI–MONEY HAD AND RECEIVED

42. Plaintiffs hereby adopt by reference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

43. Plaintiffs were given higher education grants under the CARES Act. Under the CARES Act, Defendant is supposed to distribute funds directly to the Plaintiffs but refused to do so. Defendant took the funds and, in some instances, refused to credit the Plaintiffs.


EXHIBIT C

## N. REQUEST FOR DISCLOSURE

44. Under Texas Rule of Civil Procedure 194, Plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## O. AMOUNT OF DAMAGES

45. Defendant's conduct caused injury to Plaintiff, which resulted in the following damages: (1) actual damages, (2) court costs, (3) reasonable attorneys' fees; (4) loss of future interest, (5) lost income, (6) future pecuniary loss, (7) mental anguish, (8) inconvenience, and (9) all other remedies deemed appropriate by law to which they may be entitled.

## P. JURY DEMAND

46. Plaintiff entrusts the determination of liability and damages suffered to the sole discretion of the jury in this matter.

## Q. PRAYER

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff request that Defendants be cited to appear and answer, and that upon trial of her cause, have judgment against Defendants for (1) all economic and actual damages suffered by Plaintiff, (2) prejudgment and post-judgment interest at the legal rate, (3) costs of court, (4) attorney's fees, (5) all expert fees, as allowed by law, (6) exemplary damages, and (7) such other relief, both at law and in equity, deemed proper by this Court.

# EXHIBIT C

Respectfully submitted,

*[signature]*

**NGUYEN & KAN**
7211 Regency Square Blvd., Suite 220
Houston, Texas 77036
Tel: 281.940.4088
Fax: 832.271.4299

**DON T. NGUYEN**
State Bar No. 24092897
don@nklaw.us

**Attorney for Plaintiffs.**

# EXHIBIT C